IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 10, 2005 Session

## STATE OF TENNESSEE ex rel. WENDY S. RUSHING v. CHRISTOPHER B. SPAIN

**Direct Appeal from the Juvenile Court for Hardeman County**
**No. 04-0159     Charles Cary, Judge**

---

**No.  W2005-00956-COA-R3-JV - Filed November 4, 2005**

---

The trial court denied the State's petition for child support and retroactive child support for Respondent/Father's two minor children.  We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY,  J., joined.

Paul G. Summers, Attorney General and Reporter and Warren Jasper, Assistant Attorney General, for the appellant, State of Tennessee.

Christopher B. Spain, *Pro se*.

### OPINION

This is a Title IV-D child support case.  Parentage and the facts underlying this action are undisputed.  Wendy S. Rushing (Ms. Rushing) and Christopher B. Spain (Mr. Spain) are the unmarried parents of two minor children, born November 2002 and March 2004. Ms. Spain receives State assistance, TennCare and food stamps, in support of the children.  Mr. Spain and Ms. Rushing live together with their two minor children and Ms. Rushing's child from a previous relationship. Mr. Spain earns approximately $600 per week.  Ms. Rushing does not work outside the parties' home.  The parties have lived together for six years and have lived in the same home for two years, although they do not have a lease.  The parties do not share a checking account, but Mr. Spain pays their expenses.

On July 28, 2004, the State petitioned the Juvenile Court of Hardeman County to set child support for the parties' two minor children.  The juvenile court determined Mr. Spain's child support obligation would be $463 based on an average gross monthly income of $1,843.  However, the

juvenile court determined that "the application of the [child support] guidelines would be unjust or inappropriate" in this case. In its December 2004 order, the juvenile court declined to order retroactive child support. The juvenile court also "deviated downwards" from the guidelines and declined to set child support. Following the juvenile court's order denying its motion to alter or amend to include an order of support, the State filed a timely notice of appeal to this Court.[1] We reverse and remand for the setting of child support consistent with the child support guidelines.

## ISSUE PRESENTED

The issue raised for our review is whether the trial court erred in declining to apply the child support guidelines to set prospective and retroactive child support in this case.

## STANDARD OF REVIEW

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

## ANALYSIS

We turn first to the State's assertion that the juvenile court erred in declining to set prospective child support according to the child support guidelines. We are not insensitive to the juvenile court's opinion that, although Mr. Spain and Ms. Rushing are unmarried, this family functions as a traditional family and an order of support might disrupt the family's relationship. However, unmarried parents may not circumvent the child support guidelines by private agreement. *Berryhill v. Rhodes*, 21 S.W.3d 188, 192 (Tenn. 2000). Additionally, the State may seek the establishment of a child support order when the custodial parent has received public benefit assistance under Title IV-D, and the State is required to operate a "central collection and disbursement unit" to process child support payments that meet the criteria established by Title IV-D of the Social Security Act. Tenn. Code Ann. § 36-5-116 (2005); *State ex rel. Mitchell v. Armstrong*, No. W2003-01687-COA-R3-JV, 2004 WL 2039811, at *3-4 (Tenn. Ct. App. Sept. 3, 2004) (*no perm. app. filed*). Further, in Title IV-D cases, child support payments must be paid directly to the Tennessee Department of Human Services. Tenn. Code Ann. § 36-5-116(a)(2005); *State ex rel Mitchell*, 2004 WL 2039811, at *4. The trial court must set child support in accordance with the child support guidelines, but may deviate downwards as prescribed in *Casteel v. Casteel*, No. 03A01-9703-CV-00073, 1997 WL 414401 (Tenn. Ct. App July 24, 1997), *perm. app. denied* (Tenn.

---

[1]Mr. Spain did not file a brief in this appeal. Therefore, we consider this mater on the record and the State's brief.

Mar. 2, 1998). *State ex rel. Mardis v. Mardis*, No. M2002-01026-COA-R3CV, 2005 WL 1467871, at *1 (Tenn. Ct. App. June 20, 2005) (*no perm. app. filed*). In this case, the trial court did not have the discretion to approve the parties' private arrangement and bypass the child support guidelines and Tennessee Code Annotated § 36-5-116. *See, e.g., State ex rel. Mitchell,* 2004 WL 2039811, at *4.

The State also contends that the juvenile court erred in not awarding retroactive child support or, alternatively, in crediting Mr. Spain for support he has provided. It is clear from the juvenile court's order that the court did not credit Mr. Spain for amounts spent in support of the children, but simply did not apply the guidelines to this case. As noted above, the court lacked the discretion to simply remove this Title IV-D case from the child support statutes and guidelines.

Parents may be given credits against their child support obligations for voluntary payments they have made on behalf of their children when the payment is for necessaries which are not being supplied by the custodial parent. *E.g., Peychek v. Rutherford*, No. W2003-01805-COA-R3-JV, 2004 WL 1269313, at *3 (Tenn. Ct. App. June 8, 2004) (*no perm. app. filed*). In this case, it is undisputed that Mr. Spain had an obligation to support his children and that he voluntarily has provided all of the financial support, other than that provided by the State through TennCare and food stamps, which the parties' children have received. This includes the provision of necessaries for which he may be credited.

## HOLDING

In light of the foregoing, the judgment of the trial court is reversed. We remand this matter for a determination of prospective and retroactive child support in accordance with the child support guidelines, and for a determination of credits due Mr. Spain against the award of retroactive support. Costs of this appeal are taxed to the Appellee, Christopher B. Spain.

_____
DAVID R. FARMER, JUDGE